Gkeen J.
delivered the opinion of the court..
The first question to be considered in this case is, wlie-the defendant in the court below ought not to have been permitted to give another bond. In the case of Greer and others vs. Williford, (Peck’s Rep. 290), it was held, that the court could take jurisdiction of a cause brought into it by appeal, although the appeal bond was defective. In that case, the appeal bond was defective; and the question was, how far the securities were bound. It was held, and has been often so ruled by this court since that time, that a judgment might be pronounced against them to the extent of their undertaking. There is much more reason for holding, that the court, notwithstanding the bond may be defective, has jurisdiction of a cause brought into it by certiorari, than where'it is brought up by appeal. Indeed, the judge having granted this process from his court, commanding an inferior jurisdiction to send the cause into his court, must manifestly have had the authority’ (if,any defect existed in the process so ordered, or the prelimin- *88 aiy steps which had been taken in the cause) to act upon the same petition, and order any such defect to he supplied. This was as much the duty of the court as it was the duty of the judge to grant the certiorari, when the petition was first presented. Having jurisdiction of the cause, the amendment asked for, was within the provisions of the statute of Jeofails, (1809, ch. 49, sec 21).
The case is also within the equity of the act of 1821, ch. 21. The certiorari is in fact, an ajipeal in effect. It is resorted to for attaining the same end; are-investigation of the cause. Although, therefore, the act of 1821, ch. 21, applies in terms, to an appeal only, yet it may, by fair construction, be extended to the case of certioraris also. The mischiefs which existed in the one case, were as great as those in the other.
We conclude, therefore, that the court erred in refusing to take a new bond when offered, and in dismissing the certiorari.
The execution ought to have been quashed, there being no judgment to support it. The execution must conform to the judgment; the judgment having been rendered in favor of Pray, for the use of Biles & Carter, and the execution omitting altogether the name of Pray, it had no connection with the judgment. The judgment must be reversed, aid the cause remanded to the circuit court of Henry county, where a sufficient bond will be taken, if offered, and the cause to be determined upon its merits, on the motion to quash the execution.
Judgment reversed.